912 A.2d 202

**Beth Ann KELLEY**

v.

**James C. MUELLER, Jr.**

**Appeal of James C. Mueller, Jr. and James C. Mueller, Sr.**

Supreme Court of Pennsylvania.

Submitted Jan. 19, 2006.

Decided Dec. 27, 2006.

92

Eric J. Cox, Plymouth Meeting, for James Jr. and James Sr. Mueller, appellants.

Beth Ann Kelley, for Beth Ann Kelley, appellee.

Sharon Rose Lopez, Lancaster, for Pennsylvania Coalition Against Domestic Violence, appellee amicus curiae.

BEFORE: CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

### *ORDER*

PER CURIAM.

Based on the following, the decision and order of the Superior Court, *Kelly v. Mueller*, 861 A.2d 984 (Pa.Super.2004), is hereby **VACATED,** as the court decided an issue of substance not properly preserved for review; namely, whether the Protection from Abuse Act, 23 Pa.C.S. §§ 6101, et seq. (PFA Act), authorizes courts to order search and seizure without offending the protections of the Fourth Amendment to the United States Constitution and Article 1, § 8, of the Pennsylvania Constitution. Further, the Order of the Montgomery County Court of Common Pleas dated October 14, 2003 is **REINSTATED.**

The order entered by the Montgomery County Court of Common Pleas dated October 14, 2003, directed the local sheriff to conduct a search for weapons at the home of Appellant James C. Mueller, Jr., which was owned by his father, Appellant James C. Mueller, Sr. The court also ordered a search for weapons at a hunting cabin owned by Appellant James C. Mueller Sr. The court directed that any weapons found at either location were to be seized. The substance of this order was never challenged before the common pleas court by either James C. Mueller, Jr., who was a party before the court or James C. Mueller, Sr., who was not a party and who did not attempt to intervene before the common pleas court for purposes of challenging the order.

Both James C. Mueller, Jr. and James C. Mueller, Sr., notwithstanding his non-party status at the common pleas court level, appealed from the October 14, 2003 order to the Superior Court by filing a notice of appeal. Upon being directed to file a Pa.R.A.P.1925(b) statement of matters complained of by the common pleas court, Appellants asserted the following issues:

1. The Trial Court lacked jurisdiction and/or authority to enter an Order providing for the search of residences of a person not a party to the action.

2. The Trial Court lacked jurisdiction and/or authority to enter an Order providing for the seizure of the personal property of a person not a party to the action.

3. The Trial Court lacked jurisdiction and/or authority to enter an Order providing for the seizure of property belonging to unknown and unidentified persons from the hunting lodge belonging to a person or persons not a party to the action.

4. The Trial Court denied James C. Mueller, Sr. due process of law by entering an order against his property rights, *ex parte,* without notice or an opportunity to be heard as required by 23 Pa.C.S.A. Sec. 6101 et seq., the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

The common pleas court addressed these issues in its Pa.R.A.P.1925(a) opinion and concluded that because the propriety of its October 14, 2003 search and seizure order was never properly challenged by Appellants before it, the issues raised on appeal were not reviewable.

The Superior Court, in its published decision, while noting the substance of the issues raised in Appellants' Pa.R.A.P. 1925(b) statement, also noted that Appellants raised in their brief to that court the issue of whether the common pleas court lacked authority to enter an order providing for the search of Appellants' residences and the seizure of all weapons in disregard of Appellants' right to be free from unreasonable searches and seizures. Thus, although Appellants never raised a challenge in terms of the authority of the court to order the subject searches and seizures or the constitutional reasonableness of such searches and seizures prior to doing so in their appellate brief to the Superior Court, the court, nevertheless, addressed the substance of these issues raised, for the first time, on appeal. In this regard, the court concluded that the PFA Act authorizes courts to order the search for and seizure of weapons. *Kelly,* 861 A.2d at 992.

As the issue of whether the PFA authorizes courts to order search and seizure without offending the protections of the

Fourth Amendment to the United States Constitution and Article 1, § 8, of the Pennsylvania Constitution was not properly challenged in the common pleas court or raised in Appellants' Pa.R.A.P.1925(b) statement, it was waived and should not have been decided by the Superior Court on appeal. *See* Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal); *see also Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998) (holding that to preserve a claim for appellate review, defendant must comply whenever trial court orders defendant to file statement of matters complained of on appeal; any issues not raised in such statement will be deemed waived); *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002) (reaffirming rule established in *Lord* ); *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005) (same); *Commonwealth v. Schofield,* 585 Pa. 389, 888 A.2d 771 (2005) (same). Thus, the court having erred in this regard, we vacate its decision and reinstate the order of the common pleas court.

Justice EAKIN joins only in the order vacating the Superior Court decision and reinstating the trial court order.