OPINION BY
KELLY, J.:
¶ 1 This is an appeal from an order entered pursuant to the Protection from Abuse Act (PFA), 23 Pa.C.S.A. §§ 6101-17, precluding any contact between Appellant/stepmother and her stepdaughter, T.L., for a period of three years. We affirm, finding that the trial court’s jurisdiction over Appellant, a resident of Maryland, and over the subject matter of the action is conferred by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S.A §§ 5401-5482, despite commission of the abusive acts in a forum other than Pennsylvania. We also find that Appellant’s conduct constituted abuse, not permissible corporal punishment for misbehavior.
¶ 2 Appellee, a Pennsylvania resident and the grandmother of T.L.,[1] was awarded partial physical custody of the child by order of May 24, 2006, with primary custody in Appellant, T.L.’s stepmother, a resident of Maryland since October of 2005. In May of 2007, Appellee sought a PFA order for T.L. as against Appellant on grounds that as the most recent incident of abuse Appellant had struck the child multiple times with a belt when T.L. failed to clean her room as instructed. The petition also alleged that T.L. feared Appellant because she and T.L.’s father “take drugs and drink and then drive with us in the car.” (Petition for Protection from Abuse at ¶ 16). After a hearing the Order under review was entered, and this appeal followed.
¶3 Appellant presents two issues on appeal, challenging both the trial court’s jurisdiction to hear Appellee’s petition, and the sufficiency of evidence of abuse to warrant entry of a PFA order. We note that “in a PFA action, we review the trial court’s legal conclusions for an error of law or an abuse of discretion.” Custer v. Cochran, 933 A.2d 1050, 1054-55 (Pa.Super.2007).
¶ 4 The first claim presented rests on the assertion that although the trial court was possessed of personal jurisdiction over Appellant even as a nonresident through the medium of the custody order, subject matter jurisdiction was not conferred by that or any other means. In so *1016 doing she asserts that “the question is whether the trial court has jurisdiction to apply the statutory laws of Pennsylvania to these parties where the subject matter is not related to a custody issue, and where the alleged harm or injury occurred outside of Pennsylvania.” (Appellant’s Brief at 13). Appellant’s argument fails as the major premise of her syllogism is faulty.
¶ 5 As Appellant concedes, “[exclusive, continuing jurisdiction” over child custody matters is conferred by 23 Pa.C.S.A. § 5422(a) on the court which has made an initial custody determination, and endures until the child’s connection with the Commonwealth is severed. Since Appellee, the partial custodian, resides in Pennsylvania, the nexus between T.L., Appellant, and the Commonwealth remains intact.
¶ 6 Initial custody arrangements as well as any subsequent modifications are made at “child custody proceedings” which are defined by 23 Pa.C.S.A. § 5402 in pertinent part as follows:
“Child custody proceeding.” A proceeding in which legal custody, physical custody or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights and protection from domestic violence, in which the issue may appear. ...
¶ 7 The PFA petition here placed Appellant’s custody of T.L. at issue, and indeed resulted in an order depriving Appellant of the primary custody awarded her in May of 2006. Thus the hearing on Appellee’s request falls directly under the aegis of the statutory definition, and the court’s authority to enter the order under review is clearly established.
¶ 8 Appellant’s sufficiency of the evidence claim is based on the assertion that her conduct “did not cause bodily harm and was not excessive, but rather constituted punishment and discipline.” (Appellant’s Brief at 15). We are not persuaded.
¶ 9 The PFA Act defines “abuse” in pertinent part as follows:
“Abuse.” The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault or incest with or without a deadly weapon.
(2) Placing another in reasonable fear of imminent serious bodily injury.
(4) Physically or sexually abusing minor children ...
23 Pa.C.S.A. § 6102.
¶ 10 The trial court found that T.L. had been “smacked and hit with a belt and had her hair pulled, and that [she] was bruised and hit with a belt again when she did not help at home quickly enough.” (Trial Ct. Op. at 5). Testimony at the hearing revealed that T.L. had marks on her back from the belt. Hearing testimony also supports the assertion in the petition that Appellee and her husband, neither of whom has a driver’s license, have driven T.L. in the car. We find, therefore, as did the trial court, a sufficiency of evidence to demonstrate that T.L., had been abused, suffering bodily injury in the process, and had been placed in fear of serious bodily *1017 injury, all of which warranted issuance of a protection from abuse order.
¶ 11 Order affirmed.
¶ 12 BOWES, J. files a Concurring and Dissenting Opinion.

. The child was bom on September 10, 1995.