J-A08009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| P.R., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C.B., | |
| Appellee | No. 1809 MDA 2014 |

Appeal from the Order Entered October 3, 2014
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2010 FC 41665, 2011 FC 40155

BEFORE: SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 08, 2015**

P.R. ("Father") appeals *pro se* from the order entered on October 3, 2014, in this custody matter concerning the parties' daughter, S.R. ("Child"), who was born in June of 2010. The order denied Father's petition for contempt. The petition had alleged that Appellee, C.B. ("Mother"), violated a provision of the trial court's June 6, 2014 order proscribing the parties' inclusion of the guardian *ad litem* ("GAL") in e-mails. The trial court also found Father's contempt petition to be frivolous, determined that Father had failed to file a reply to Mother's Answer and New Matter, and directed Father to pay Mother's counsel $300 in attorney's fees. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Father commenced this custody matter on December 3, 2010, when Child was six months old, seeking shared legal and physical custody. Mother filed a counterclaim for primary physical custody on December 9, 2010. The trial court granted the parties shared legal custody and awarded Father three-hour periods of supervised visitation by interim order. Order, 12/14/10. Eventually, the parties agreed to extended visitation for Father, including one biweekly overnight visit. Order, 10/18/11. The parties sought court intervention multiple times over disagreements about Child's custody. Eventually, on January 10, 2012, Mother filed a petition to modify custody seeking elimination of Father's visitation due to his in-patient treatment for alcoholism. The trial court eliminated Father's overnight visitation but left the visitation schedule otherwise intact. Order, 1/31/12.

Following a hearing on March 30, 2012, the trial court reinstated Father's overnight visitation. Order, 6/8/12. The trial court ordered the parties to "carbon copy" the GAL, who had been appointed on August 9, 2011, on every communication between the parties due to the parties' ongoing disagreements regarding birthdays and holidays. *Id*. Following a September 13, 2012 hearing, the trial court expanded Father's visitation to full custodial biweekly weekends. Order, 9/14/12.

Mother gave birth to a second child in November of 2012. While she was in the hospital, Father appeared at the Dunmore Police Station on November 16, 2012, demanding that police intervene in the parties'

- 2 -

custodial arrangement. As a result, the GAL filed a petition for special relief on December 17, 2012. Following a hearing on December 18, 2012, the trial court rescinded Father's overnight partial custody. Order, 12/28/12. The trial court held additional hearings on March 14, 2013, and June 6, 2013, and entered an order on July 11, 2013, awarding Mother primary physical custody. Order, 7/11/13. Father filed a notice of appeal to this Court, and we affirmed on August 18, 2014. *P.R. v. C.R.*, 1447 MDA 2013, 106 A.3d 163 (Pa. Super. filed August 18, 2014) (unpublished memorandum).

No less than twenty-four court orders issued from the filing of the notice of appeal until the instant petition for contempt filed by Mother on March 27, 2014. The following procedural history, as set forth by the trial court, is relevant to our disposition of the instant appeal:

> Mother filed a Petition for Contempt of Custody Orders on March 27, 2014. In Mother's Petition, Mother's prayer for relief included a request that she be awarded sole legal custody of the Minor Child. On March 31, 2014, Father sent a letter to this [c]ourt which this [c]ourt treated as [a] pleading. Further, Father answered Mother's Petition for Contempt and raised New Matter, in which Father requested sole legal custody of the Minor Child. Father requested that the court [o]rder [Mother] to pay [Father] a sum of $380 for missed work and legal fees in following up with the appropriate parties and preparing this response along with court appearances and related expenses.
>
> A hearing was held on April 3, 2014 on Mother's Petition for Contempt over Dental Insurance, as well as issues raised by Father in his March 31, 2014 letter, including issues concerning this [c]ourt's past orders. Mother and Father's dueling Petitions for Sole Legal Custody and Father's Petition for Modification of Custody, initially set to be heard on April 3, 2014, were

- 3 -

continued until May 29, 2014, at the request of Father to afford him the opportunity to obtain counsel.

This [c]ourt issued an order on April 8, 2014, ordering Mother [to] maintain dental and medical insurance for the Minor Child and ordering that Father would reimburse Mother for half of the Minor Child's YPALS preschool tuition. The Court further ordered that the Minor Child would attend Trinity preschool for the 2014-2015 school year. The [c]ourt did not impose attorney's fees.

On April 17, 2014, [Father] filed a Petition for Reconsideration of this [c]ourt's April 8, 2014 Order. On April 21, 2014, this [c]ourt issued an order granting [Father's] Petition for Reconsideration in part and denying the Petition in part. The [c]ourt granted the Petition in so far [sic] as each Party had to provide the other Party with at least thirty (30) days notice of the dates of his or her scheduled vacation with the Minor Child and to order that the Minor child will spend half the day on her birthday with each Parent. The [c]ourt denied the Petition with respect to all other matters.

On May 29, 2014, a hearing was held to address Mother's Petition for Contempt and Mother's request for sole legal custody, as well as Father's Petition for Sole Legal Custody. Father retained counsel for this hearing. At the conclusion of the testimony and at the request of Father and Father's Counsel, this [c]ourt issued an order, granting a forty-five (45) day trial period, instead of ruling outright on the legal custody issue, in which the Parties were to attempt to make decisions regarding the Minor Child without the assistance of the GAL. Specifically, the Order stated that the GAL would not be included on e-mails between the Parties. After this trial period expired, a telephone conference was held in which the Attorneys for the Parties agreed to an additional forty-five (45) day trial period in which the Parties would again attempt to make decisions regarding the Minor Child without the use of the GAL. This agreement was codified in this [c]ourt's August 5, 2014 Order.

On August 15, 2014, Father, no longer represented by Counsel, filed a Petition for Reconsideration of the August 5, 2014 Order, and a Petition for Contempt against Mother. Father filed this Petition for Contempt because Mother e-mailed the GAL requesting the GAL [to] update an existing Order based on an

agreement between the Parties regarding the Minor Child's dance class. Father alleged that due to Mother reaching out to the GAL without going through the documented process that was described in the June 6, 2014 Order from this Court, Mother was in violation of the June 6, 2014 Order of Court. Father requested $292.37 for legal fees.

On August 25, 2014, this [c]ourt issued an order setting a hearing for September 16, 2014 on [Father's] Petitions as well as any other matters raised by the Parties. A stipulated order in regards to the Minor Child's ballet class was entered by this [c]ourt on August 28, 2014.

Mother filed an answer and new matter to Father's Petition for Contempt on September 11, 2014. In the new matter, Mother's counsel requested $1000.00 in legal fees to reimburse Mother for attorney's fees in connection with defending the Petition. Father failed to answer the new matter raised.

During the hearing on September 16, 2014, this [c]ourt addressed Father's Petition for Contempt. Father called Mother to the stand to question her about the alleged violation. During Father's questioning, Mother's counsel stipulated that Mother communicated with the GAL as alleged in Father's Petition. N.T. 9/16/14 at p. 12. However, Mother's testimony demonstrated that Father had e[-]mailed Mother on July 21, 2014 in response to an e-mail Mother sent Father regarding the Minor Child's ballet class. Id. at p. 14. Mother read Father's email on the record. Id. at p. 15-16. Father agreed to adjusting the custodial schedule to allow the Minor Child to attend ballet class and stated[,] "[J]ust have the order updated so that there's no misunderstanding and forward [it] to me so that there is no time loss for me and [Child]." Id. at p. 16. Thus, Father's Petition for Contempt for Mother contacting the GAL was a result of Father instructing Mother to do so. This [c]ourt denied Father's Petition for Contempt[,] and found it to be frivolous. Id. at p. 24, 34. This [c]ourt then ordered that Father pay Mother $300.00 in attorney's fees. Id. at p. 36. This [c]ourt had never before entered an Order for attorney's fees against Father, even though this [c]ourt found specifically that Father used the Court in a vexatious manner[,] and it appeared to this [c]ourt that Father had intentionally tried to drive up Mother's legal costs. Id. at p. 36. This [c]ourt entered an Order codifying the decision to impose attorney's fees on October 3, 2014.

Trial Court Opinion, 11/19/14, at 13–17 (some internal citations omitted).

On October 27, 2014, Father filed a notice of appeal from the October 3, 2014 order, along with a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). In his brief on appeal, Father raises the following issues:

> 1. Did the trial court commit an error of law and abuse its discretion by finding that Mother was not in contempt for reaching out formally via email to the Guardian Ad Litem given the direct testimony of the witnesses and documented answer to the petition[?]
>
> 2. Did the trial court commit an error of law and abuse [its discretion] by failing to delinieate [sic] its reasoning at or near the time it issued its decision in the matter[?]
>
> 3. Did the trial court commit an error of law and abuse its discretion by ordering [Father] to pay [$]300 in legal fees for not being allowed to answer new matter in [Mother's] answer/new matter[?]
>
> 4. Did the court commit an error of law and abuse its discretion by failing to issue an opinion as of the date of the filing of [Father's] 1925 (b) statement of matters complained of on appeal, thus prohibiting [Father] from complying with the rules of appe[llate] procedure in preserving the necessary issues on appeal through the this [sic] 1925(b) statement[?]
>
> 5. Did the court commit an error of law and abuse its discretion by failing to communicate to [Father] the appropriate process to answer new matter and to allow the plaintiff time to formally answer new matter in documented forms and reference case law as well as allow [Father] to retain counsel in order to answer new matter brought by [Mother?]

Father's Brief at v (full capitalization omitted).

In **Krebs v. United Refining Company of Pennsylvania**, 893 A.2d 776, 797 (Pa. Super. 2006), this Court stated that any issue not set forth in

or suggested by an appellate brief's statement of questions involved and in the concise statement of errors complained of on appeal is waived. This Court has held that a party can waive an issue in a child custody case. *See Schwarcz v. Schwarcz*, 548 A.2d 556, 560 n.10 (Pa. Super. 1988). Herein, issues one, three, and five in Father's Statement-of-Questions-Involved portion of his brief are stated somewhat differently in his Concise Statement of Errors Complained of on Appeal. Father's Brief at v; Pa.R.A.P. 1925 (b) Statement, 10/27/14. Nevertheless, we find that he adequately preserved those issues for our review. Father failed, however, to raise issues two and four, set forth in his brief, in his Rule 1925 statement. Thus, issues two and four in Father's brief are waived. *Krebs*; *Schwarcz*.

In issues one, three, and five of his brief, Father argues that the trial court erred and committed an abuse of its discretion in denying his petition for contempt against Mother. Father asserts that it was clear from Mother's answer to new matter and from the testimony of the witnesses at the hearing, that Mother contacted the GAL in violation of the June 6, 2014 order. Father's Brief at VII. Father contends that the trial court erred and abused its discretion by ordering him to pay Mother's counsel fees, based on Father's failure to answer the new matter filed by Mother's counsel. *Id*. Father asserts that he was not informed of the process for filing a response to Mother's new matter, not given adequate time to file such answer, and was not given time to obtain counsel to assist him in the filing of a response to the new matter. *Id*.

- 7 -

We note that Father has failed to provide any relevant legal discussion and has not included any citation to authority. Our appellate procedural rules provide that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument **must** set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119 (c) (emphasis added). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted).

Father makes bald, unsupported claims without specific reference to the testimony in the record. In *Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996), we explained that a party who chooses to proceed *pro se* cannot expect this Court to act as his attorney. We stated, "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Id*.

at 1160 (quoting **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982)). Because Father fails to direct our attention to the specific testimony of record that supports his claim, we find the issues waived. Pa.R.A.P. 2119(b); **see Stimmler v. Chestnut Hill Hosp.**, 981 A.2d 145, 153 n.9 (Pa. 2009) (stating that argument portion of brief must contain "sufficient citation to the record . . . ."). It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. **Irwin Union National Bank and Trust Company v. Famous and Famous and ATL Ventures**, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing **Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. 1997)). **See also Chapman-Rolle v. Rolle**, 893 A.2d 770, 774 (Pa. Super. 2006) ("It is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal.").

Even if we were to ignore these defects and address Father's issues one, three, and five, we would conclude that those issues lack merit. We apply the following standard of review in matters involving a trial court's decision on a contempt petition:

> When we review a trial court's finding of contempt, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt. This [C]ourt also has stated that each court is the exclusive judge of contempts against its process.

***G.A. v. D.L.***, 72 A.3d 264, 269 (Pa. Super. 2013) (citations and quotation

marks omitted).

> To sustain a finding of civil contempt, the complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

***P.H.D. v. R.R.D.***, 56 A.3d 702, 706 n.7 (Pa. Super. 2012) (citation

omitted).

> Here, the trial court found as follows:

> > This [c]ourt finds that Father's actions in filing his Petition for Contempt against Mother on August 15, 2014 were vexatious. Father filed the Petition alleging Mother had contacted the GAL in violation of this Court's June 6, 2014 Order. However, in Father's Petition, he failed to note that Mother contacted the GAL because Father asked her to obtain an updated Court Order based on Father's request. Mother and Father were discussing the Minor Child's ballet class and had reached an agreement. N.T. 9/16/14 at p. 16. Mother e-mailed Father regarding the class, and Mother credibly testified that Father e-mailed her in response[,] and Father specifically stated in his e-mail[,] "[J]ust have the order updated so that there's no misunderstanding and forward to me so that there is no time loss for me and [Child]." N.T. 9/16/14 at p. 16. Mother further testified that "she wouldn't know any other way to modify an order." Id. at 18. The Parties have used the GAL to update Orders throughout this cases' [sic] history. In sum, this [c]ourt finds Father baited Mother into e-mailing the GAL, as the Parties have done to have Orders updated in the past, and then filed a Petition for Contempt after Mother contacted the GAL. Thus, Father's Petition had no factual basis and required Mother to pay her counsel to defend her against his Petition, even though it completely lacked merit. Father's actions . . . were meant to cause annoyance to Mother and intensify the dispute surrounding this custody matter.

This [c]ourt also notes that Father failed to answer Mother's new matter raised in Mother's Answer to Father's Petition for Contempt. Although the [c]ourt did find that Father failed to answer the new matter and could have simply held the failure to answer resulted in an award of attorney's fees to Mother, this [c]ourt heard testimony on the merits of Father's Petition for Contempt. After finding the Petition to be frivolous and denying the Petition, this [c]ourt had the power to impose attorney's fees on Father. Thus, this [c]ourt had two separate grounds for awarding attorney's fees to Mother.

＊ ＊ ＊

Based on the foregoing reasons, this [c]ourt awarded Mother's counsel $300.00 in attorney's fees for answering Father's frivolous Petition for Contempt and for appearing in [c]ourt to defend Mother against the Petition.

Trial Court Opinion, 11/19/14, at 18–19.

The trial court determined that Mother did not commit a violation of its June 6, 2014 order that was volitional, nor did Mother act with wrongful intent in contacting the GAL. *P.H.D.*, 56 A.3d at 706 n.7. Rather, the trial court found that Mother was merely acting in accordance with Father's request when she contacted the GAL. In fact, contrary to Father's claims regarding Mother, the trial court concluded that Father's conduct was vexatious, and his contempt petition was frivolous. As noted *supra*, the trial court is the judge of contempts against its own orders. *G.A.*, 72 A.3d at 269. After a careful review of the record, we would conclude there was no error or abuse of discretion on the part of the trial court in denying Father's petition for contempt.

- 11 -

Next, Father asserts that he was neither informed of the process for filing a reply to Mother's new matter in her Answer to Plaintiff's Petition for Contempt and New Matter filed on September 11, 2014, nor given adequate time to file an answer to the new matter and to obtain counsel to assist in the filing of a response to the new matter. Father's Brief at VIII. Our review of Mother's new matter reflects that Mother was requesting "reasonable attorney fees, in the amount of One Thousand Dollars ($1,000) representing her reasonable attorney's fees in preparing this written response and appearance at hearing." In its opinion filed on November 19, 2014, the trial court explained that it awarded Mother reasonable counsel fees in the amount of $300 based on the argument on the petition on September 16, 2014, and not merely on Father's failure to reply to Mother's new matter. Thus, we would conclude that the trial court did not render its decision solely on the failure of Father to file a reply to Mother's new matter.

Moreover, Father opted to proceed as a *pro se* litigant when he filed his petition for contempt against Mother on August 15, 2015, requesting legal fees in the amount of $292.37 against Mother, and "[a]ny other relief as that [t]his Honorable Court deems just and proper." As we instructed in **Smathers**, "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Smathers**, 670 A.2d at 1160 (quoting **O'Neill v. Checker Motors Corp.**, 567 A.2d 680,

682 (Pa. Super. 1989)) (citations omitted in original).  Accordingly, we would agree with the trial court that there is no merit to Father's contention that the trial court improperly denied him an opportunity to reply, represented by counsel, to Mother's new matter.

Our Supreme Court has set forth the standard of review for an award of attorney's fees as follows:

> Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making a fee award.  If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for an award of attorney's fees, such award should not be disturbed on appeal.

*Thunberg v. Strause*, 682 A.2d 295, 299 (1996).

"The so-called 'American rule' provides that parties to litigation are responsible for their own counsel fees 'unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception.'"  *Mrozek v. Eiter*, 805 A.2d 535, 538 (Pa. Super. 2002) (citation omitted).  Section 2503 of the Judicial Code allows the award of reasonable counsel fees under several circumstances, including to any participant in the litigation "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7).

In *Thunberg*, our Supreme Court, in construing 42 Pa.C.S. § 2503, stated that a party opponent can be deemed to have brought the action "vexatiously" if he filed the matter without sufficient grounds in either law or

fact, or if the action served the "sole purpose of causing annoyance." *Thunberg*, 682 A.2d at 299 (citing *Bucks County Board of Supervisors v. Gonzales*, 632 A.2d 1353, 1356 (1993); Black's Law Dictionary 1565 (6th ed., reprinted 1993)). In *Thunberg*, the Supreme Court upheld the imposition of counsel fees. *Thunberg*, 682 A.2d at 302; *cf. Berg v. Georgetown Builders, Inc.*, 822 A.2d 810, 823 (Pa. Super. 2003) (holding that there was no basis to conclude that a suit was brought in bad faith, where the plaintiffs had no choice but to institute the underlying suit to vindicate their injuries; thus, an award of counsel fees under § 2503(9) was improper).

Here, the trial court found that Father's contempt petition lacked any factual basis because he baited Mother into e-mailing the GAL and then filed a petition for contempt. Trial Court Opinion, 11/19/14, at 18. The trial court stated, "Father's actions . . . were meant to cause annoyance to Mother and intensify the dispute surrounding this custody matter." *Id*. at 18–19. The trial court determined that Father's petition for contempt was vexatious. *Id*. at 18. We would conclude that the record supports the trial court's determination that Father's contempt petition was vexatious and that the trial court did not abuse its discretion in imposing on Father, as a sanction pursuant to 42 Pa.C.S. § 2503(7), Mother's reasonable counsel fees in the amount of $300. Thus, we would not award Father credit for $300, as he requests in his brief. Father's Brief at IX.

Finally, we acknowledge Father's allegations that the trial court acted with bias against him and has a history of making incorrect rulings, such that its order in this case was improper. Father's Brief at VI. For these reasons, Father asks us to remand the case and assign it to another trial judge. *Id*. at IX.

To the extent that Father is attempting to have this Court address the trial court's fitness to render a decision on his contempt petition and to impose on him Mother's reasonable attorney fees, we cannot do so. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). *See Kelley v. Mueller*, 912 A.2d 202, 204 (Pa. 2006). Additionally, Father failed to include such claim in his appellate brief's Statement of Questions Involved and in his Pa.R.A.P. 1925(b) statement. Thus, it is waived. *Krebs*, 893 A.2d at 797.

Moreover, to the extent that Father is referring to matters involving the trial court which are outside of the record in this case, we remind Father that we are bound to review only matters in the certified record before this Court. *Warfield v. Warfield*, 815 A.2d 1073, 1074 (2003); Pa.R.A.P.1921 (setting forth the composition of the record on appeal); *Bennyhoff v. Pappert*, 790 A.2d 313, 318 (Pa. Super. 2001) (stating "[f]or purposes of appellate review, what is not of record does not exist." (Citation omitted)). We note, however, that adverse rulings alone do not establish the requisite bias warranting the recusal of a trial court, especially where the rulings are legally proper. *See In re S.H.*, 879 A.2d 802, 808 (Pa. Super. 2005). If

Father had preserved his issues for appellate review, we would have determined that the rulings were legally proper and therefore, would have concluded that the appeal lacked merit.

Accordingly, we affirm the trial court's October 3, 2014 order denying Father's petition for contempt and imposing on Father the payment of Mother's reasonable counsel fees in the amount of $300.

Order affirmed.

Judge Wecht joins the Memorandum.

Judge Strassburger files a Concurring and Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015