J-A15008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| N.H., | IN THE SUPERIOR COURT |
| Appellee | OF PENNSYLVANIA |
| v. | |
| M.E., | |
| Appellant | No. 2920 EDA 2018 |

Appeal from the Order Entered September 6, 2018
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): CV-2018-081354

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:         **FILED AUGUST 12, 2019**

Appellant, M.E., appeals *pro se* from the trial court's September 6, 2018 order granting a final protection from abuse (PFA) order against him, on behalf of Appellee, N.H., and her children, for a period of six months. After careful review, we affirm.

Briefly, Appellant is the brother-in-law and neighbor of N.H., who lives with her husband (Appellant's brother) and their three minor children.[1] On August 30, 2018, N.H. filed a petition seeking a temporary PFA order against Appellant, alleging that he had committed acts of abuse, including threatening to kill her and her husband. The temporary PFA order was granted, and an evidentiary hearing was held on September 6, 2018. At that proceeding,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] For a detailed summary of the facts and procedural history of this case, **see** Trial Court Opinion (TCO), 12/6/18, at 2-6.

Appellant represented himself.  At the conclusion of the hearing, the court entered a final PFA order protecting N.H. and her children from Appellant for a period of six months (September 6, 2018 to March 6, 2019).

Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The trial court filed a Rule 1925(a) opinion on December 6, 2018.  Herein, Appellant raises four issues for our review, which we reorder for ease of disposition, but otherwise reproduce *verbatim*:

> 1. Did the lower court had subject matter jurisdiction to issue the PFA order based on plaintiff's claims against Appellant that were previously adjudicated in full?
>
> 2. Was there sufficient evidence against the Appellant to issue PFA order under the PFA Act, 23 Pa.C.S. §§ 6101-6117, where it was obvious, even to the lower court, that the allegations were made against appellant's wife and despite the denial of cross examine the witness to clarify the matter?
>
> 3. Did the lower court abuse its discretion and violated appellant's due process rights when it outright denied appellant to cross-examine the witness despite appellant's demands to do so?
>
> 4. Did appellant waive his due process claim on appeal, due to the fact that Appellant is raising the claim for the first time, by way of the appeal, and did not raise the claim at the appropriate time during the September 6, 2018 hearing?

Appellant's Brief at 4 (emphasis omitted).

Initially, we note that, "in a PFA action, we review the trial court's legal conclusions for an error of law or an abuse of discretion." ***B.T.W. ex rel. T.L. v. P.J.L.***, 956 A.2d 1014, 1015 (Pa. Super. 2008) (citation omitted).

Additionally, before addressing Appellant's arguments, we must examine whether his appeal is moot due to the expiration of the final PFA order on March 6, 2019. It is well-settled that,

> [t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. … [T]his Court has employed exceptions to the mootness doctrine to review issues stemming from expired PFA orders. *Shandra v. Williams*, 819 A.2d 87, 90 (Pa. Super. 2003)[, *superseded on other grounds by statute*, 23 Pa.C.S. § 5328, *as recognized in* *C.H.L. v. W.D.L.*, -- A.3d --, 2019 WL 2910627 (Pa. Super. filed July 8, 2019)] (quoting *Snyder v. Snyder*, [] 629 A.2d 977, 980 n.1 ([Pa. Super.] 1993)) ("Protection From Abuse Act Orders are usually temporary, and it is seldom that we have the opportunity to review one before it expires.").

*Ferko-Fox v. Fox*, 68 A.3d. 917, 920-21 (Pa. Super. 2013) (citation and quotation marks omitted).

In this case, we will not dismiss Appellant's appeal, as it meets the third exception to the mootness doctrine. At the very least, the present PFA order may be considered by the trial court in any subsequent PFA proceedings, as well as in any child custody proceedings. *See* 23 Pa.C.S. § 6107(a). It would also appear in a criminal history records check conducted by the Pennsylvania State Police. *See* 23 Pa.C.S. § 6105(e)(3). Thus, Appellant will suffer some detriment due to the entry of the final PFA order, and we will not deem his appeal as moot.

In Appellant's first issue, he purports to challenge the trial court's subject-matter jurisdiction to enter the final PFA order against him. Specifically, he argues that the doctrine of *res judicata* barred the court from entering the PFA order, as N.H.'s claims against him were "fully adjudicated on August 16, 2018, before [a different judge,] … and were dismissed after a hearing that was held that day."[2]  Appellant's Brief at 11.  He also contends that N.H.'s allegations against him were insufficient to demonstrate abuse. Appellant insists that for both of these reasons, the trial court lacked subject-matter jurisdiction to enter the PFA order.

Appellant's arguments are either waived or meritless.  It is clear that the trial court, sitting in the Civil Division of the Court of Common Pleas of Delaware County, had subject matter jurisdiction to entertain N.H.'s petition seeking protection from Appellant, and to enter the final order granting it. **See** 23 Pa.C.S. § 6103 ("The court shall have jurisdiction over all proceedings under this chapter.").  Appellant's ostensible challenges to the court's subject-matter jurisdiction were not raised below.  While jurisdictional issues are non-waivable, **see Commonwealth v. Jones**, 929 A.2d 205, 208 (Pa. 2007), Appellant's *res judicata* argument, and his challenge to the sufficiency of the evidence to support the final PFA order, impact the court's *power* to grant relief, not its *jurisdiction* under the Act.  **See Commonwealth v. Mockaitis**,

---

[2] "Pursuant to the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action." **McArdle v. Tronetti**, 627 A.2d 1219, 1222 (Pa. Super. 1993).

834 A.2d 488, 495 (Pa. 2003) (defining the distinction between a court's jurisdiction, which relates "solely to the competency of the particular court" to address the general class of controversies, and a court's power to act, which is "the ability of a decision-making body to order or effect a certain result") (citation omitted). Appellant never raised his *res judicata* argument before the trial court, and he also failed to set it forth in his Rule 1925(b) statement.[3] Therefore, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Additionally, Appellant's challenge to the sufficiency of the evidence supporting the final PFA order is not a jurisdictional question. However, we will consider this claim, which Appellant further develops in his second issue on appeal, as it was preserved in his Rule 1925(b) statement (under a very liberal reading thereof). Nevertheless, we conclude that his sufficiency argument is meritless.

> When faced with a sufficiency challenge under the PFA Act, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. *Hood–O'Hara v. Wills*, 873 A.2d 757, 760 (Pa. Super. 2005). Furthermore, we must defer to the credibility determinations of the trial court. *Id.* Finally, we note that a PFA petitioner is not

---

[3] The trial court's order informed Appellant that "[a]ny issue not properly included in the Statement timely filed and served in compliance with this Order and [Rule] 1925(b) shall be waived." Trial Court Order, 10/4/18, at 1.

required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. *Id.* at 761. The petitioner's testimony is sufficient if it is believed by the trial court. *Id.*

*Custer v. Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007).

The PFA Act defines "abuse" as follows:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S. § 6102.

Here, the evidence was sufficient to prove that Appellant placed N.H. and her children in reasonable fear of imminent serious bodily injury. In particular, the trial court found credible N.H.'s testimony that, during an

altercation on August 30, 2018, "Appellant and his wife 'at the same time' threatened to 'have someone kill' [N.H.]" TCO at 4 (quoting N.T. Hearing, 9/6/18, at 9-10). N.H. also testified that Appellant had threatened to kill her on other occasions beginning in March of 2018. *See* N.T. Hearing at 15. Additionally, N.H.'s "husband testified that he overheard Appellant and his wife discussing a plan to have him and [N.H.] murdered." *Id.* (citing N.T. Hearing at 17-20). Both N.H. and her husband testified that their children feared Appellant and his wife. *Id.* at 11, 15, 19. Additionally, the trial court took judicial notice of the fact that Appellant had a criminal record that included guilty pleas to attempted murder, aggravated assault, and robbery, which supported the fact that N.H.'s fear of Appellant was reasonable. *See* TCO at 4 n.1.

The thrust of Appellant's challenge to the sufficiency of this evidence is that N.H.'s allegations that he threatened to kill her were the basis for a prior PFA petition that was denied by a different judge. He also insists that N.H.'s claims of abuse were directed at his wife and not him. However, Appellant ignores the fact that N.H. testified that he threatened to kill her on August 30, 2018, the same day she filed the present PFA petition. While N.H. also testified that Appellant had threatened to kill her in the past, the court focused on her testimony about Appellant's threats during the August 30, 2018 altercation in granting the final PFA order. *See* TCO at 4. The trial court found this testimony credible, and concluded that Appellant's threats placed N.H. in

reasonable fear of serious bodily injury. *See* N.T. Hearing at 39.[4] The record supports the court's decision. Accordingly, the evidence was sufficient to support the issuance of the final PFA order.

In Appellant's third issue on appeal, he argues that the trial court violated his due process rights by not permitting him to cross-examine N.H. At the September 6, 2018 hearing, Appellant asked to cross-examine N.H., to which the court simply replied, "[n]o," and the hearing continued. N.T. Hearing at 16. Appellant did not raise any objection or due process argument at that time. Consequently, the trial court concluded that this claim is waived. *See* TCO at 7-10.

In response, Appellant insists, in his fourth issue on appeal, that he preserved this claim because he attempted "to give a complete objection" at the end of the hearing, but the trial court "cut [him] off...." Appellant's Brief at 20, 21. In support of this position, Appellant cites the following portion of the hearing transcript:

> THE COURT: In an excess of caution I am going to issue a final order in favor of [N.H.] and [N.H.'s] family. So just so you are clear this is not a criminal proceeding. This is a civil proceeding. And it doesn't mean you are a bad person. It means that you have done things that put them in a reasonable fear of their physical safety.
>
> [Appellant]: That is false Your Honor.

---

[4] While the court noted that "there [was no] evidence of harm to the children[,]" it included them in the final PFA order "[i]n an excess of caution...." N.T. Hearing at 38, 39. Appellant does not raise any specific challenge to the sufficiency of the evidence regarding abuse of the children.

THE COURT: It is not a crime and you just need to stay away from them.  Your wife was not named as a Defendant[,] which seems a little bit odd.  But she is not a Defendant so it really pertains to your behavior.  Okay?

[Appellant's Wife]: He didn't do nothing.

THE COURT: That is my order.  Have a nice day folks.

N.T. Hearing at 39.

Nothing in the above exchange indicates that Appellant was attempting to object to the court's decision not to allow him to cross-examine N.H., or raise his due process concerns.  Additionally, we see no other place in the record where Appellant raised such an objection or argued that his due process rights were violated.  He also did not attempt to call N.H. to the stand during his case-in-chief.

Based on these facts, we must agree with the trial court that Appellant waived his due process argument for our review.  In support of its decision, the trial court relied on *S.W. v. S.F.*, 196 A.3d 224 (Pa. Super. 2018).  There, the trial court had refused the appellant's request to call the child PFA petitioner to testify.  *Id.* at 235.  On appeal, the appellant argued that her due process rights were violated by the court's decision.  In deeming this claim waived, we noted:

> Our law is clear that, "[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court.  Failure to timely object to a basic and fundamental error will result in waiver of that issue.  On appeal[,] the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected.  In this jurisdiction … one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory

- 9 -

process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter."

*Id.* (quoting ***Hong v. Pelagatti***, 765 A.2d 1117, 1123 (Pa. Super. 2000)). The ***S.W.*** panel also stressed that "[b]oth the theory as well as the grounds must be raised below if an issue is to be preserved for appellate review; one may not merely preserve the 'grounds' at trial level and, for the first time on appeal, raise 'theories' to support them." ***Id.*** at 236 (citation omitted). Accordingly, we deemed the appellant's due process challenge waived for our review.

We must do the same in the present case. Appellant made no objection when the trial court refused to allow him to cross-examine N.H., and he never raised the due process arguments he now presents on appeal. Instead, Appellant asserted those claims for the first time in his Rule 1925(b) statement. Pursuant to ***S.W.***, we agree with the trial court that Appellant's due process argument is waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19

- 10 -