414 A.2d 1016

**COMMONWEALTH of Pennsylvania**

v.

**Vincent SANTIAGO, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 15, 1980.

Decided May 30, 1980.

528

Terence L. Faul, Bangor, for appellant.

James J. Narlesky, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

Appellant, Vincent Santiago, entered pleas of guilty to charges of robbery, aggravated assault, and conspiracy. Appellant was sentenced to a term of imprisonment of seven and one-half to sixteen years.[1] On appeal to the Superior Court from the judgment of sentence, appellant alleged that his guilty plea to the charge of robbery was not knowingly and intelligently entered because counsel was ineffective in failing to inform appellant that intoxication could negate an element of the robbery offense. The Superior Court remanded to allow appellant an opportunity to file a petition to withdraw his guilty plea and for a hearing thereon to determine "first whether counsel was aware of appellant's intoxication and second whether counsel's actions in light of knowledge of the intoxication had any reasonable basis designed to effectuate his client's interests." *Commonwealth v. Santiago*, 240 Pa.Super. 63, 361 A.2d 732 (1976).[2]

Appellant thereafter filed a petition to withdraw his guilty plea. Following an evidentiary hearing, the trial court entered an order denying appellant's petition. In a 4–3 decision, the Superior Court affirmed. We granted appellant's petition for allowance of appeal.

The record reveals that appellant told his counsel on at least two separate occasions that he had no recollection of

1. Appellant was also directed to pay the costs of prosecution, to make full restitution of the money and property taken, and to make full restitution for any injuries incurred by the victims.

2. The Superior Court relied upon *Commonwealth v. Roberts*, 237 Pa.Super. 336, 338–39, 352 A.2d 140, 141 (1975), wherein it stated that "[t]he same principles which mandate that issues not raised in post-verdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below."

the criminal incident because he had been drinking heavily. Counsel responded that appellant's alleged intoxication was irrelevant since intoxication would negate an element of an offense only in homicide cases.[3] This advice was erroneous since, at the time of appellant's guilty plea, which was entered on February 25, 1975, Section 308 of the Crimes Code, 18 Pa.C.S.A. § 308 (effective June 6, 1973), provided that

> "Intoxication or drugged condition are not, as such, defenses to a criminal charge; *but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense.*" (Emphasis supplied) [4]

3. At the evidentiary hearing held to determine whether appellant, should be permitted to withdraw his guilty plea, appellant's guilty plea counsel testified in part as follows:

A. [M]y understanding of the law at that time was that intoxication, even if the consumption of the alcohol rose to the level of intoxication, my understanding of the law was that it was not available as a defense in this type of proceeding at that time.

Q. Did you advise him that there was a possibility that intoxication might be the basis for a defense to the charges?

A. Not in that way, sir. What I did advise him was: He asked, he informed me that he was, that he didn't recall what had happened. I believe that my advice to him at that time was that his inability to recall what happened and in fact his intoxication, if he was intoxicated, would not be a defense to the offense.

.    .    .    .    .    .

Q. You have stated that your understanding of the law at the time was that intoxication would not present a defense to a case other than criminal homicide, murder. Where did you get that understanding of the law?

A. Okay. Let me say that that was, intoxication and the ramifications of it is a subject which comes to the attention of every criminal defense lawyer periodically. I can only say that the last time it had come to my attention prior to Mr. Santiago's case, and again on this occasion, it was my understanding of the law, based on whatever research was conducted at the time, that the defense was not available except in homicide cases.

4. This section has since been amended and evidence of intoxication now may be introduced only to reduce murder from a higher degree to a lower degree. This amendment did not become effective until April 7, 1976, which is more than one year after appellant entered his plea of guilty to the robbery charge.

One element of the offense of robbery, as defined in the Crimes Code, 18 Pa.C.S.A. § 3701 (Supp.1979–80), is the commission of a theft. Theft requires that a person unlawfully take, or exercise unlawful control over, the property of another with the *specific intent* to deprive him thereof. 18 Pa.C.S.A. § 3921(a) (Supp.1979–80); *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975). In the instant case, intoxication could have negated the specific intent element of the robbery offense. Counsel's erroneous advice thus had the effect of inducing appellant to plead guilty even though one of the elements of the crime may have been absent.[5] We therefore conclude that appellant's guilty plea was not knowingly and intelligently entered; hence appellant's guilty plea should be withdrawn and the case remanded for a new trial on the robbery charge.

Since the trial court imposed a single consolidated sentence for all three crimes (robbery, aggravated assault and conspiracy), we also remand for resentencing on the aggravated assault and conspiracy offenses without reference to the robbery offense.

The order of the Superior Court is reversed and the case is remanded for proceedings consistent with this opinion.

5. Both the trial court and the Superior Court concluded that counsel could not be deemed ineffective because counsel could not be expected to anticipate our decision in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975), wherein we held that evidence of intoxication offered for the purpose of negating specific intent may be used in cases other than felonious homicide. (*Graves* was decided approximately three weeks after appellant entered his guilty plea herein.) The obvious flaw in this reasoning is that, while counsel could not be expected to anticipate our decision in *Graves*, counsel could certainly be expected to be aware of Section 308 of the Crimes Code.