J-S65003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC A. BAKER, | |
| Appellant | No. 291 EDA 2012 |

Appeal from the Judgment of Sentence Entered November 19, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006036-2009

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED NOVEMBER 13, 2015**

Appellant, Eric A. Baker, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 18 to 36 months' imprisonment, imposed after he was convicted of one count each of robbery and attempted theft. Appellant challenges the sufficiency of the evidence to sustain his robbery conviction and alleges the verdict is against the weight of the evidence.  We affirm.

The trial court summarized the procedural history of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> On May 27, 2010, following a non-jury trial, [Appellant] was found guilty of Robbery-Inflict Threat of Immediate Bodily Injury (18 Pa.C.S. § 3701[(a)](1)(iv)) and Attempted Theft by Unlawful Taking (18 Pa.C.S. § 901[(a)]).  On November 19, 2010, following completion of a Presentence Investigation Report, [Appellant] was sentenced to eighteen (18) to thirty-six (36) months['] incarceration.  On November 29, 2010, defense counsel filed a timely Motion for Post Sentence Relief.

[Appellant's] motion was dismissed by operation of law on March 30, 2011. [Appellant] filed a pro-se Petition under the Post-Conviction Relief Act ("PCRA"), on May 13, 2011. On May 31, 2011, defense counsel filed an Amended PCRA Petition. Another Amended PCRA Petition was filed by newly appointed counsel for [Appellant] on November 10, 2011. On December 15, 2011, the [c]ourt reinstated [Appellant's] appellate rights, pursuant to defense counsel's second Amended PCRA Petition.

On January 5, 2012, [Appellant] filed a Notice of Appeal to the Superior Court. On May 11, 2012, the [c]ourt filed a [Pa.R.A.P.] 1925(b) order compelling the filing of a Concise Statement of Errors Complained of on appeal. On May 31, 2012, defense counsel requested more time for the completion of the notes of testimony for [Appellant's] sentencing hearing. After many attempts to obtain the transcript for the sentencing hearing, the [c]ourt was informed the notes were unavailable as the court reporter responsible had retired and the audio recording was inaudible. On January 30, 2015, defense counsel notified the [c]ourt she intended to proceed without the transcript for the sentencing hearing, as there would be no sentencing issues on appeal. On February 5, 2015, the [c]ourt issued another order compelling the filing of a Concise Statement of Errors Complained of on appeal. On February 19, 2015, defense counsel filed a timely 1925(b) Statement of Errors Complained of on appeal.

Trial Court Opinion (TCO), 2/20/15, at 1-2.

Herein, Appellant presents the following issues for our review:

I.   Whether the evidence was sufficient to find [Appellant] guilty of Robbery (18 Pa.C.S. §3701(a)(1)(iv)) because the Commonwealth could not prove that [Appellant] inflicted bodily injury upon complainant Sally Ford, threatened her[,] or intentionally put her in fear of immediate bodily injury in the course of committing a theft.

II.  Whether the verdict was against the weight of the evidence to find [Appellant] guilty of Robbery (18 Pa.C.S. § 3701(a)(1)(iv)) because the Commonwealth could not prove that [Appellant] inflicted bodily injury upon complainant Sally Ford, threatened her[,] or intentionally put her in fear of immediate bodily injury in the course of committing a theft.

Appellant's Brief at 3.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Appellant was convicted of robbery under 18 Pa.C.S. § 3701(a)(1)(iv), which provides: "A person is guilty of robbery if, in the course of committing a theft, he inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." *Id.* In determining whether all of the elements of the crime of robbery have been met, "[a] reviewing court will consider the [appellant's] intent and actions and not necessarily the subjective state of mind of the victim." *Commonwealth v. Rodriguez*, 673 A.2d 962, 966 (Pa. Super. 1996).

Instantly, the evidence produced at Appellant's non-jury trial established the following facts:

> On April 27, 2009, Mr. Leon Harold was working as a manager at Eros Bar and Restaurant located at 2743 Poplar Street, Philadelphia. At around 1:14 a.m., Mr. Harold observed [Appellant] enter the bar, buy a beer, and ask if anyone had a match to light a cigarette. The bartender, Ms. Sally Ford, gave

[Appellant] a match and he exited the bar. [Appellant] moved a chair that was propping the front door open, and smoked a cigarette outside. After smoking, [Appellant] entered the bar again and gave Ms. Ford some money for the beer. Ms. Ford went to the cash register behind the bar, reached under the counter, grabbed the change box, and began to make change for [Appellant]. [Appellant] stood at the customer-side of the bar, across from Ms. Ford, and said, "everybody give it up." [Appellant] then reached for something in his pocket, and stated, "I said everybody give it the fuck up." [Appellant] pointed with the item from his pocket, at Ms. Ford, holding the item like a gun. Mr. Harold called 911 and slowly walked towards [Appellant] and the cash register. [Appellant] then jumped over the bar to the employee side and grabbed the change box from Ms. Ford. As [Appellant] jumped over the bar, Mr. Harold noticed the item in [Appellant's] hand was a cell phone. Mr. Harold then jumped over the bar, chased [Appellant], and wrestled him to the ground with the help of a customer. Mr. Harold held [Appellant] down until the police arrived seven minutes later.

Mr. Akila Senbata owns Eros Bar and Restaurant. On April 27, 2010, Mr. Senbata was inside the bar when [Appellant] entered the bar and observed [Appellant's] actions. Mr. Senbata testified the change box had fifty dollars ($50). Mr. Senbata further testified he had video surveillance at the bar, that video was recorded the night of the incident, and that he turned the video over to the police. The surveillance video was played for the court and Mr. Senbata identified the individuals in the video.

TCO at 2-3 (citations to the record omitted).

On appeal, Appellant contends that the Commonwealth failed to meet its burden of proving all of the elements required to sustain a robbery conviction. In support of his claim, Appellant argues that Sally Ford did not testify at the trial and that her testimony was required in order to establish that she was either injured, threatened with bodily injury or that Appellant intentionally put her in fear of immediate bodily injury. Additionally,

- 4 -

Appellant asserts that he did not have a gun and that the video surveillance presented at trial showed that he never came in contact with Ms. Ford.

Appellant's argument is without merit. Viewing the evidence in a light most favorable to the Commonwealth, the evidence was sufficient to permit the trial court to conclude that Appellant acted with the intent to put Ms. Ford in fear of immediate bodily injury, while committing a theft. Appellant's assertion that Ms. Ford's testimony was needed to establish this element of the crime is false. As we noted in *Rodriguez*, the victim is not required to testify as to her state of mind in order to prove that the appellant intentionally put her in fear, because whether or not she was, in fact, put in fear is not controlling. *Rodriguez*, 673 A.2d at 966. Instead, we look to the appellant's intent and actions. *Id.*

In *Commonwealth v. Swartz*, 484 A.2d 793 (Pa. Super. 1984), the appellant walked into a branch office of a bank wearing sunglasses, approached the teller, handed her a paper bag, and said "Fill the bag." *Id.* at 794. He then added, "Quick," and when the teller moved slowly, he told her, "Faster." *Id.* After money had been placed into the bag, the appellant grabbed the bag and departed. The teller stated that she was "very scared and frightened". *Id.* The appellant "never claimed to be armed, never expressly threatened the teller, and was not observed with a weapon or even his hand in his pocket." *Id.* At trial, the appellant testified that he had not intended to frighten the teller. *Id.*

On appeal, the appellant in **Swartz** raised a sufficiency claim regarding his conviction of robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv), which required this Court to determine "whether the appellant's intent was adequately demonstrated when there was no actual threat or display of force but only a demand for money." In making this determination, we conducted the following case law analysis:

> In **Commonwealth v. Hurd**, 268 Pa. Superior Ct. 24, 407 A.2d 418 (1979)[,] this court held that an actor's request to open a drawer, which was repeated in the following manner: "Bitch, open the drawer," while the actor appeared to have his hand on an object in his pocket was sufficient to show that the actor intended to place the victim in fear of "immediate serious bodily injury." **Hurd** may appear to be a stronger case than the one currently before us, as there the defendant's action suggested he had a gun. However, more similar to the current controversy is **Commonwealth v. Davis**, 313 Pa. Super. Ct. 355, 459 A.2d 1267 (1983). The defendant in **Davis** was convicted under § 3701(a)(1)(ii) of robbing a pipe store which was open all night. He was observed entering the shop through a small window through which business was transacted. The defendant told an employee of the shop to: "Get back, Get back." This court held that Davis' "mode of entry and his warnings … certainly were aggressive actions which implicitly carried with them a threat of imminent bodily harm …." When applied to the facts at hand, **Davis** requires that we find that the current evidence showed beyond a reasonable doubt that appellant, contrary to his claim, intended to put the teller in fear. A sunglassed individual, who approaches a bank teller with a paper bag and commands that the bag be filled with currency and exhibits extreme impatience with a teller creating an atmosphere of extreme tension, can be reasonably presumed to intend to inflict fear into the mind of the teller within the meaning of § 3701(a)(1)(iv).

**Swartz**, 484 A.2d at 794-795.

Similar to the facts in **Swartz**, Appellant approached Ms. Ford and made several statements demanding money from her. Like in **Hurd**,

Appellant held out an object from his pocket in a manner which suggested he was holding a gun. Appellant then jumped over the bar and grabbed the change box. Appellant's statements, combined with his actions, demonstrated impatience and created an atmosphere of extreme tension. Based on **Swartz** and **Hurd**, the trial court was reasonable to conclude that Appellant intended to put Ms. Ford in fear of immediate bodily injury as a means of getting her to cooperate. Finally, Appellant's emphasis on the fact that he was not actually carrying a gun is of no moment. **See Commonwealth v. Thomas**, 546 A.2d 116, 117-118 (Pa. Super. 1988) (concluding that appellant intended to place victims in fear of immediate serious bodily injury by "simulating the possession of a gun," and that the "crime is not made less serious by the fact that he did not possess a gun, but was only simulating one").

Appellant next challenges the weight of the evidence to support his conviction.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant seemingly bases his weight of the evidence claim on his assertion that the trial court improperly credited the testimony of two eyewitnesses in determining that he intended to put Ms. Ford in fear of immediate bodily injury. "[O]n issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the proceedings and demeanor of the witnesses." *Commonwealth v. Cunningham*, 805 A.2d 566, 572 (Pa. Super. 2002). As noted in its Rule 1925(a) opinion, the trial court had ample time to review the testimony of the two eye witnesses and the surveillance video tape, and concluded that the elements of robbery were proven beyond a reasonable doubt. TCO at 6. We ascertain no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015