J-S24022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WESLEY EDWARD CHANCE, | |
| Appellant | No. 1618 MDA 2015 |

Appeal from the Order Entered August 21, 2015
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000251-2009

BEFORE: GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 04, 2016**

Wesley Edward Chance appeals from the August 21, 2015 order denying him PCRA relief. We affirm.

On March 5, 2010, a jury convicted Appellant of aggravated harassment by a prisoner, which makes it a crime for an inmate, *inter alia*, to spit on a prison guard. The underlying facts follow:

> The event giving rise to the prosecution occurred March 18, 2009, at the State Correctional Institution at Smithfield (SCIS) which is located in Huntingdon County, Pennsylvania. At or around 2:00 a.m., [Appellant] was moved from his cell in the Restricted Housing Unit (RHU) to the Psychiatric Observation Area (POA) since he had been observed taking crushed medication. In this regard, [Appellant] told an officer that he took twenty-five (25) pills. Protocol at SCIS requires that moves be filmed as a consequence of which Corrections Officer Randy Wertz was present with a hand held camera and filmed the move from beginning to end. The move was uneventful until the end when [Appellant] was ordered to remove his jumpsuit. At this point, [Appellant] became argumentative and spit at the officers

involved in the move. Videographer Wertz testified that the spit "[H]it me in my right eye, the right side of my face, and on the right side of this area right in here, the chest/shoulder area (Indicating)." (N.T., at p. 51.) Wertz was seen by medical personnel at SCIS and at the J.C. Blair Hospital, Huntingdon, Pennsylvania. The Court and jury were shown the video of the incident.

Trial Court Opinion, 9/9/10, at 1-2. Following his conviction, Appellant received a sentence of two to seven years imprisonment. On appeal, we affirmed. *Commonwealth v. Chance*, 37 A.3d 1226 (Pa.Super. 2011) (unpublished memorandum), and our Supreme Court denied further review on April 4, 2012. *Commonwealth v. Chance*, 42 A.3d 290 (Pa. 2012).

Appellant filed a timely PCRA petition on May 23, 2012. Therein, Appellant claimed that trial counsel was ineffective for "1. failing to investigate, discover & present a diminished capacity defense[;] 2. failing to investigate & litigate [Appellant's] competency to stand trial[; and] 3. failing to litigate prosecutorial misconduct[.]" PCRA Petition, 5/23/12, at 3. Counsel was appointed.

An evidentiary hearing was held on July 11, 2014. At that time, Appellant first maintained that he was incompetent to stand trial and requested that he be accorded a competency hearing. The PCRA judge, who had presided over Appellant's trial, noted that trial counsel had requested a competency hearing. It outlined its reasons for denying that hearing, which were that the Department of Corrections had produced Appellant's mental health records. Those records indicated that Appellant was "examined

- 2 -

between February 3 and February 25 of 2010. And the bottom line is they concluded that there was nothing wrong." N.T. Hearing, 7/11/14, at 14. At the hearing, Appellant also denied having any memory of the incident and reported that he had ingested numerous medications and was suicidal when he spat at the prison guards.

Appellant's trial counsel, David G. Smith, Esquire, testified that Appellant never told him that he did not have a recollection of the incident. He indicated that his defense focused on the fact that Appellant was very compliant with being transported and harbored no ill-will toward the prison guards. Mr. Smith acknowledged that Appellant asked him about presenting a diminished capacity defense but testified that he did not consider presenting it due to its limited applicability.

On February 13, 2015, the Commonwealth asked the court to order the Pennsylvania Department of Corrections to produce Appellant's medical records. On February 19, 2015, that order was granted. On June 30, 2015, Appellant filed a motion indicating that his "institutional medical and mental health records were recently delivered to the Court, to the Commonwealth of Pennsylvania" and to his counsel. Motion to Consider Petitioner's Medical and Mental Health Records, 6/30/15, at ¶ 1. Appellant asked the court to "enter such interim order as will allow [Appellant] to direct the court to those particular records which [Appellant] considers relevant to [Appellant's] claim of diminished capacity on or around March 18, 2009, the date of the offense,

and further to allow [Appellant] to offer such records as evidence in this proceeding." *Id*. at 3. Appellant specifically declined to make the records part of the certified record herein due to their private nature. *Id*. at ¶ 4.

Simultaneously with this petition, Appellant filed his brief in support of PCRA relief. Therein, Appellant averred that trial counsel was ineffective for failing to raise the affirmative defense of diminished capacity. Petitioner's Brief Memorandum in Support of PCRA Relief, 6/30/15, at 2 ("In the instant case, trial counsel was ineffective by failing to assert a diminished capacity defense. Trial counsel, through medical and mental health records coupled with expert testimony, could have shown [Appellant] lacked the mental capacity to form the specific intent required for guilt[.]").

On August 21, 2015, the court denied PCRA relief, concluding: 1) the diminished capacity defense was not available to the offense in question; 2) Appellant also failed to establish that he suffered from a diminished capacity by neglecting to present expert testimony on that subject at the PCRA hearing; and 3) trial counsel was not ineffective for failing to explore Appellant's competency to stand trial since counsel did undertake that action. The PCRA court did not resolve the outstanding petition for consideration of Appellant's mental health records. This appeal followed the denial of PCRA relief.

In his court-ordered Pa.R.A.P. 1925(b) statement, Appellant averred that the PCRA court "erred when it failed to grant the Petition to Consider

Petitioner's Medical Records Filed on June 30, 2015[.]" Concise Statement of the Errors Complained of on Appeal, 10/24/15, at 1. Appellant continued that this error foreclosed him from establishing that "trial counsel was ineffective by failing to assert a diminished capacity defense," and that "trial counsel, through medical and mental health records coupled with expert testimony, could have shown [Appellant] lacked the mental capacity to form the specific intent required for guilt." *Id*. at 1-2.

On appeal, Appellant raises the single issue: "Did the PCRA court err when it failed to grant the Petition to Consider Petitioner's Medical and Mental Health Records filed on June 30, 2015, by Appellant Wesley Edward Chance[?]" Appellant's brief at 4. Specifically, Appellant avers that those records would have proven that trial counsel was ineffective for failing to prove that he did not possess the intent element of the crime. Conceding that the "defense of diminished capacity is an extremely limited defense," he also avers that the records in question would have proven that trial counsel should have explored "insanity as a defense to a charged offense." Appellant's brief at 12 (citing 18 Pa.C.S. § 315 and **Commonwealth v. Rabald**, 951 A.2d 329 (Pa. 2008) (discussing defense of guilty but mentally ill)).

Initially, we observe that, "Our standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free

of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015) (citation omitted). Appellant avers that trial counsel rendered ineffective assistance, which would have been established had the PCRA court reviewed his medical records. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. ***Id***.

Appellant's averments relate to trial counsel's failure to refute the *mens rea* element of aggravated harassment by a prisoner. That crime is defined as follows:

> A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, **intentionally or knowingly causes** or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

18 Pa.C.S. § 2703.1. Thus, aggravated harassment by a prisoner requires specific intent.

Appellant first assails trial counsel's failure to pursue a diminished capacity defense, arguing that the mental health records that the trial court purportedly refused to consider would have established such ineffectiveness. The diminished capacity defense is available to a defendant who "attempts to prove that he was incapable of forming the specific intent to kill; if the defendant is successful, first-degree murder is mitigated to third degree." *Commonwealth v. Sasse*, 921 A.2d 1229, 1236 (Pa.Super. 2007). In the context of a mental disorder, the disorder in question must affect "the cognitive functions of deliberation and premeditation necessary to formulate a specific intent[.]" *Id*.[1] The defense of diminished capacity is not available for any crimes other than first-degree murder. As we outlined in *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa.Super. 2007) (citations omitted), "The 'diminished capacity' defense is available only as a defense to first-degree murder and not to second-degree murder, which was the offense charged against Appellant. Likewise, it is not available as a defense for other 'specific intent' non-homicide offenses." *Accord*

---

[1] The diminished capacity defense is also available if the defendant was intoxicated to such an extent that he was unable to formulate the specific intent to kill. *Commonwealth v. Hutchinson*, 25 A.3d 277, 312 (Pa. 2011)

*Commonwealth v. Swartz*, 484 A.2d 793, 795 (Pa.Super. 1984) (defense of diminished capacity cannot be proffered to defend robbery charge, even though specific intent is an element of the crime, as the defense is available only with respect to first-degree murder).  Thus, regardless of the contents of mental health records that Appellant sought to have the PCRA court consider, the defense in question could not be made at Appellant's trial, and Appellant cannot establish that trial counsel was ineffective for failing to pursue it.

As noted, Appellant also claims that the PCRA court should have considered his mental health records since they would have proven that trial counsel was ineffective for failing to pursue an insanity defense under 18 Pa.C.S. § 315.[2]  He also cites to *Rabold*, *supra*, which discusses the defense of guilty but mentally ill embodied in 18 Pa.C.S. § 314.[3]

_____

[2]  That provision outlines the insanity defense, which is considerably more onerous to establish than a diminished capacity defense.  Specifically,

> **(a) General rule.--**The mental soundness of an actor engaged in conduct charged to constitute an offense shall only be a defense to the charged offense when the actor proves by a preponderance of evidence that the actor was legally insane at the time of the commission of the offense.
>
> **(b) Definition.--**For purposes of this section, the phrase "legally insane" means that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality

*(Footnote Continued Next Page)*

This averment is waived on various grounds. First, Appellant never, during the PCRA proceedings, challenged trial court's stewardship for failing to present either an insanity defense or a position that Appellant was guilty but mentally ill. His PCRA petition mentions only the diminished capacity defense. At the PCRA hearing, Appellant delved into the diminished capacity defense but not insanity or guilty but mentally ill. Finally, the brief that Appellant filed in support of PCRA relief failed to raise the possibility of an insanity or guilty but mentally ill challenge to the offense in question. These averments cannot be considered on appeal because they were not raised during the trial court proceedings. ***Commonwealth v. Little***, 903 A.2d 1269, 1272 (Pa.Super. 2006); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

_(Footnote Continued)_ ─────────────────

> of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

18 Pa.C.S. § 315.

[3] That statutes provides:

> A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

18 Pa.C.S. § 314(a).

Likewise, the issue of whether the mental health records would have established that trial counsel should have pursued insanity or guilty but mentally ill defenses was not included in Appellant's Pa.R.A.P. 1925(b) statement. Therein, the sole averment was that the trial court should have considered mental health records that would have proven that trial counsel was ineffective for failing to pursue a diminished capacity defense. "[A]ny issues not raised in a Rule 1925(b) statement are waived." **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002); **see also Kelley v. Mueller**, 912 A.2d 202, 203-04 (Pa. 2006) (re-affirming that issues that are not presented in a Pa.R.A.P. 1925(b) statement are waived).

An additional problem with Appellant's position on appeal is that it is entirely dependent upon whether his mental health records established the availability of any of the three defenses mentioned in his brief. Appellant deliberately failed to include his mental health records in the certified record, even though they could have been filed under seal. In light of this omission, we are utterly unable to review whether the PCRA court erred in neglecting to consider the records in that they established Appellant's entitlement to PCRA relief. "It is a well settled principle that appellate courts may only consider facts which have been duly certified in the record on appeal. Where a claim is dependent upon materials not provided in the certified record, that claim is considered waived." **Commonwealth v. Proetto**, 771 A.2d 823,

834 (Pa.Super. 2001) (citations omitted). Hence, Appellant's contention on appeal is waived for this additional reason.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016